UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN, et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>METROPOLITAN NETCOMM, INC.,<br><br>                    Defendant. | Case No.: 10-CV-05464-LHK<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT |

Plaintiffs have moved for entry of default judgment in this action. Having considered the materials submitted, the Court finds this matter appropriate for determination without oral argument and vacates the hearing scheduled for June 30, 2011. *See* Civ. L.R. 7-1(b). For the reasons set forth below, the Court DENIES without prejudice Plaintiffs' motion for default judgment. Plaintiffs may submit a revised motion for default judgment within 30 days of this order.

Plaintiffs filed this action on December 2, 2010 to collect unpaid contributions allegedly owed by Defendant Metropolitan Netcomm, Inc., under multi-employer benefit plans and a collective bargaining agreement. Compl. ¶ 1. Plaintiffs served Defendant Metropolitan Netcomm, Inc. on January 1, 2011.[1] *See* ECF No. 1; ECF No. 5. Defendant did not timely answer the

---

[1] On December 22, 2010, Plaintiffs served a person authorized to accept service of process for Defendant by substitute service pursuant to Cal. Code Civ. P. § 415.20. Under California law, service was deemed complete on the tenth day after mailing, on January 1, 2011.

1
Case No.: 10-CV-05464-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT

1   complaint, and Plaintiffs requested entry of default on February 9, 2011.  *See* ECF No. 6.  The

2   Clerk entered default on March 1, 2011.  See ECF No. 11.  Plaintiffs now move for entry of default

3   judgment.  They seek to recover $26,433.36 in delinquent contributions, liquidated damages, and

4   pre-judgment interest, as well as $3,082.00 in attorney's fees.

5          In support of their motion for default judgment, Plaintiffs submit a declaration of Sandy

6   Stephenson, Vice President of Administration for United Administrative Services, the third-party

7   administrator that assists in the collection and disbursement of funds to the trusts at issue.  Decl. of

8   Sandy Stephenson ISO Mot. for Default Judgment ("Stephenson Decl."), ECF No. 15-1.  Attached

9   to the declaration is a breakdown compiled by Ms. Stephenson's office purportedly showing the

10  benefit contributions Defendant owes to the Trust Funds.  Stephenson Decl., Ex. A.  However,

11  neither the declaration nor the attached exhibit provides any indication of how the delinquent

12  benefit contributions were calculated.  Accordingly, the Court cannot determine whether the

13  claimed damages for delinquent contributions are justified.

14         Additionally, Plaintiffs state that pursuant to the Sound & Communications 9th District

15  Agreement (the "Agreement") and related Trust Agreements, Defendant is liable for liquidated

16  damages equal to 10% of delinquent payments and for interest at the rate of 8% per annum on the

17  sum of the unpaid principal and liquidated damages due.  Decl. of Eileen M. Bissen ISO Mot. for

18  Default Judgment ("Bissen Decl.") ¶¶ 5-6, ECF No. 15-2.  Attached to the Bissen Declaration is a

19  copy of the Agreement, as well as a copy of Defendant's Letter of Assent, signed in 2004, in which

20  Defendant agreed to be bound by current and subsequent labor agreements.  Bissen Decl. Exs. A-

21  B.  These submissions are not sufficient to support Plaintiffs' motion for a number of reasons.

22  First, the Agreement states that it is effective "December 1, 2003 through November 30, 2006."

23  Bissen Decl. Ex. A at 1.  Although the Bissen Declaration states that the Agreement continues to be

24  in effect today, Plaintiffs provide no evidentiary basis for this statement.  If Ms. Bissen has

25  personal knowledge of the duration of the agreement, she must indicate the basis for that

26  knowledge.  Otherwise, Plaintiffs must provide some evidence that the Agreement remains in

27  effect.  Second, the Court is unable to locate an entitlement to 10% liquidated damages or 8%

28  interest in the Agreement provided.  It may be that these entitlements are contained in the related

*United States District Court*
*For the Northern District of California*

Trust Agreements, but as the Trust Agreements have not been submitted, the Court has no way of verifying the amount of liquidated damages and interest for which Defendant is liable. Plaintiffs must submit the agreements that contain the liquidated damages and interest rate provisions, and Ms. Bissen must cite to those provisions in any revised declaration.

Finally, with regard to attorney's fees, the Ninth Circuit "has adopted the hybrid lodestar/multiplier approach . . . as the proper method for determining the amount of attorney's fees in ERISA actions." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F3d 1041, 1045 (9th Cir. 2000). Under this method the Court is to determine how many hours were reasonably expended on the litigation and multiply those hours by a reasonable hourly rate. *Id.* On a motion for attorney's fees, the "fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services." *Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (quoting *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987)). The Bissen declaration states, "I bill the Plaintiffs for our services at the rate of $195.00 per hour plus actual reimbursement for certain out-of-pocket costs." Bissen Decl. ¶¶ 13, 14. However, Plaintiffs provide no evidence from which the Court can determine whether the claimed rates are reasonable and in line with those prevailing in the community for similar services. Without this information, the Court cannot determine whether the fees sought are reasonable, and the request for attorney's fees must be denied without prejudice.

For the reasons discussed above, Plaintiff's motion for default judgment is DENIED without prejudice. Plaintiff may submit a renewed motion addressing the issues raised above within 30 days of the date of this order. Failure to do so will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: June 25, 2011

_____
LUCY H. KOH
United States District Judge

3
Case No.: 10-CV-05464-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT